

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable X. C. Kooser
County Attorney, Howard County
Big Spring, Texas

Dear Sir:

Opinion No. 0-7379
Re: Legality of an automobile
dealer driving a motor vehicle
upon a public highway for pur-
poses other than "for demon-
stration for the purpose of
sale", when such vehicle has
attached to it only the dis-
tinguishing number plate is-
sued to him under the provisions
of Article 6686, Revised Civil
Statutes, as amended, and a re-
lated question.

This is in response to your letter of August 22, 1946,
to-wit:

"I would like your opinion upon the following
questions:

"1. Certain automobile dealers own automobiles
which they use both for demonstration purposes, and
also for their own individual uses and pleasure. May
they legally operate such automobiles under a dealer's
tag without buying a regular license for them?

"2. If they cannot legally operate such automobiles
without buying a regular licenses for them, then what of-
fense should they be charged with if they are arrested
while driving such automobiles for their own individual
use or pleasure, carrying only a dealer's license?

"In reference to the second question set out above,
there is some doubt in my mind whether a person under
the facts set out would be guilty of violation of Art.
6686, R. S., and should be charged with driving and op-
erating a motor vehicle upon a public highway under a
dealer's license for other purposes than demonstration
for purpose of sale, or whether he should be charged
with operation of a motor vehicle upon a public high-
way without proper registration under Art. 6675a,R.S."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable H. C. Hooper - Page 2

Art. 6686(a), V.A.C.S., to which you referred, reads in part as follows:

"Any manufacturer of or dealer in motor vehicles in this State may, instead of registering each vehicle he may wish to show or demonstrate on the public highways, apply for registration and secure a general distinguishing number which may be attached to any motor vehicle or motorcycle which he sendstemporarily upon the road. The annual fee for such dealer's registration of a general distinguishing number shall be Fifteen ($15.00) Dollars, and additional number plates bearing said number desired by any dealer shall be assigned and registered for a fee of Five ($5.00) Dollars each. A dealer, within the meaning of this Article, means any person, firm or corporation engaged in the business of selling automobiles who runs them upon the public highways or streets for demonstration for the purpose of sale; and this Act shall not be construed as permitting the use of a dealers' license or number plate on any vehicle owned or used by such a dealer for any other purpose than demonstration for the purpose of sale . . . ." (Underscoring ours.)

Subdivision (f) of the same Article, in effect, makes a violation of any provision of this Act a misdemeanor offense and fixes the penalty thereof by stating that:

"Any person found guilty of violating any of the provisions of this Act, shall upon conviction, be fined not less than Fifty ($50.00) Dollars and not more than One Hundred and Fifty ($150.00) Dollars, and all costs of court." (As amended in the Acts of the 45th Legislature, 1937.)

Article 6675a-2, V.A.C.S., to which you also referred, reads in part, as follows:

"Every owner of a motor vehicle, trailer or semi-trailer used, or to be used, upon the public highways of this State shall apply each year to the State Highway Department through the County Tax Collector of the County in which he resides for the registration of each such vehicle owned or controlled by him for the ensuing or current calendar year or unexpired portion thereof, etc., . . . . ."

Honorable E. C. Hooser - Page 3

That a dealer may legally operate automobiles used for demonstration purposes only under a dealer's tag without buying a license for them is expressly affirmed in the text of Article 6686(a). Instead of registering the demonstration car, he receives upon application therefor a "general distinguishing number" which he may use on any car or motorcycle he sends temporarily on the road for demonstration for sale; and for this privilege he pays an annual fee for the "single distinguishing number" and an extra charge for each facsimilie thereof.

In addition to this, under subdivision (b) of Article 6686, a dealer is permitted himself to issue temporary cardboard numbers, bearing the same number as his "general distinguishing number," which may be used by himself in conveying his cars from one point in the State to another, or from the unloading point, or from the state line to his place of business, and by anyone else purchasing a motor vehicle from him, which cardboard number may be used only for a reasonable length of time, not to exceed ten days after such purchase is made, etc.

As to the legality of an automobile dealer's driving a car with a dealer's license, for other than demonstration purposes for sale, the statute is equally definite and conclusive regarding its prohibition of the employment of a dealer's license for his individual use and pleasure, or for any other purpose.

As was said by Harvey, P. J., Commission of Appeals of Texas, Section A, June 9, 1932, in the case of Worsham Buick Co. v. Isaacs, et al, 51 S. W. (2d) 277, - "Under the above statute, the use of the dealer's license plate on an automobile belonging to the dealer, which automobile is operated on the public highways, except in cases where the vehicle is being operated for demonstration purposes, as there provided, is impliedly prohibited and is, therefore, unlawful. It can hardly be doubted that where the dealer permits his license plate to be used on an automobile in violation of this statute, he creates a situation calculated to mislead third persons into assuming that the automobile is being operated for the dealer for demonstration purposes. . . ."

In a former opinion of this Department, (No. 3068) the author stated that "obviously, it was the intention of the Legislature that the provisions of Article 6686 shall apply only to

Honorable N. G. Hooper - Page 4


dealers and manufacturers, in order that they might not be subjected to undue hardship by reason of the application of the general registration laws. The provisions of this law should be strictly construed since they do grant in a measure special privileges, and should not be extended to include the operation without a license of such an automobile for private use."

In Corpus Juris, Vol. 42, page 659 , Section #75, it is stated that:

"The registration and number of motor vehicles is necessary to secure a proper observance of their duties on the highway and for the purpose of aiding in the detection of such vehicles and of those responsible for their movements and conduct, in case they fail to observe such duties; and the object of the license is to furnish a further guaranty that proper use of the vehicle will be made and that it will be operated in compliance with the law. The license to operate a motor vehicle is a personal privilege granted to the licensee; and in the case of a dealer, it is in the nature of a special privilege or right granted to the licensee." (Underscoring ours.)

Hence, in response to your first question, we express the opinion that automobile dealers may not legally operate their demonstration cars for their own individual use or pleasure without buying a regular license therefor; because the statute impliedly prohibits it, and it is therefore unlawful.

The second portion of your inquiry is: What offense, then, should they be charged with if such dealers are arrested while driving such automobiles for their own individual use or pleasure, carrying only a dealer's license?

Article 3, of the Penal Code, provides:

". . . . .It is declared that no person shall be punished for any act or omission, unless the same is made a penal offense, and a penalty is affixed thereto by the written law of this State."

Honorable M. C. Hooser - Page 5

Under our statute, all that is essential to constitute the offense must be sufficiently charged and cannot be aided by intendment. The facts constituting the offense must be set forth so that the conclusions of law may be arrived at from the facts so stated. Articles 396 and 397, Code of Criminal Procedure; Ford v. State, 211 S. W., 233. Therefore, the defendants in such a case would be entitled to have the complaint apprise them in no uncertain terms of the specific requirement of the law with which they had failed to comply; and as was said in the case of George v. State, 145 S.W. (2d) 187, in which appellant was convicted for operating a motor vehicle upon a public highway which had not been registered as required by law, we think appellant was entitled to have the complaint state such allegations, not in such general terms as to refer to all the statutes governing the registration of motor vehicles, but in the specific instance that was intended when he violated such law."

In the case under consideration, it is our opinion that, as stated in Article 6686(a), R. S., a dealer's general distinguishing number plate may not be used on any vehicle owned or used by him for any other purpose than demonstration for the purpose of sale; and whenever so used, it is the same as if the motor vehicle had not been registered at all, and therefore, is violative, not only of the civil statute but, also, of Article 804 of the Penal Code, which reads as follows:

"Whoever operates upon any public highway a motor vehicle which has not been registered as required by law shall be fined not to exceed two hundred dollars."

Under Art. 6686(a) a dealer does not "register" his demonstration car in the sense that an owner, under Art. 6675a, is required to apply each year through his county Tax Collector for the registration of each vehicle owned or controlled by him, upon which the Tax Collector issues him a license therefor. The statute says that, instead of registering each vehicle the dealer may, upon making application therefor, secure a general distinguishing number which may be attached to any automobile which he sends temporarily upon the road. Hence, when he drives his dealer's demonstration car upon the public highway under a dealer's tag

Honoreble H. C Hooser - Page 6

for purposes other than for demonstration for sale, he operates a motor vehicle "which has not been registered as required by law."

APPROVED SEP 17 1948

FIRST ASSISTANT
ATTORNEY GENERAL

JLW:ad

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

John L. Wroe
Assistant

